IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JENNA BREAREY,** | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **DAVID RAMSAHAI AND WHITE** | : | |
| **OAK TRANSPORT, LTD.,** | : | |
| *Defendants*. | : | NO. 24-cv-01693 |

**MEMORANDUM**

**KENNEY, J.**                                                                                                                    June 5, 2024

Plaintiff Jenna Brearey brings this action against Defendants David Ramsahai ("Ramsahai") and White Oak Transport, Ltd. ("White Oak"). This case arises out of an alleged motor vehicle accident involving Plaintiff and Ramsahai, whom Plaintiff alleges is an agent and employee of White Oak. ECF No. 1, Ex. A ¶ 8. Presently before the Court is White Oak's Motion to Dismiss Count II of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 13. For the reasons set forth below, the Court will GRANT Defendant's motion without prejudice.

**I.       BACKGROUND AND PROCEDURAL HISTORY**

On September 18, 2023, Plaintiff alleges that she was driving her vehicle southbound on I-95, at or near mile marker 23.7 in Philadelphia. ECF No. 1, Ex. A ¶ 4. Plaintiff alleges that, on that day, Ramsahai was driving a large truck belonging to White Oak in the same vicinity. *Id.* ¶¶ 5-7. Plaintiff alleges that while she was driving her vehicle, Ramsahai merged into her lane of travel and struck her vehicle. *Id.* ¶ 7. Plaintiff alleges that she sustained physical and emotional injuries, as well as monetary damages, as a result of the accident. *Id.* ¶¶ 15-20.

On December 29, 2023, Plaintiff filed her complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, bringing the following claims: Count I – Personal Injury – Negligence against Ramsahai; Count II – Negligent Hiring, Retention, Training, Supervision, and Entrustment against White Oak; and Count III – Respondeat Superior against White Oak. ECF No. 1, Ex. A. On April 23, 2024, White Oak filed a Notice of Removal to the United States District Court for the Eastern District of Pennsylvania on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1441. ECF No. 1. White Oak filed its Motion to Dismiss Count II under Fed. R. Civ. P. 12(b)(6) on May 16, 2024. ECF No. 13.

## II. LEGAL STANDARD

To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). White Oak moves to dismiss Count II of Plaintiff's Complaint on the grounds that Plaintiff failed to meet that burden.

The pleading standards under Rule 12(b)(6) are the "key that opens access to courts." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). To open the door to the courts, the pleading must provide sufficient factual allegations that "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (internal citation omitted). If the complaint fails to provide such sufficient facts, a motion to dismiss will be granted. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted). The complaint need not contain detailed factual allegations, but "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Unadorned, the-defendant-unlawfully-harmed-me-accusation[s]" are insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at

555). The Court must accept as true all factual allegations set forth in the complaint, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citing *Twombly*, 550 U.S. at 555).

## III.  DISCUSSION

Count II in this action is dismissed. For a negligent hiring, training, retention, or supervision claim to be successful, the complaint must allege specific facts tending to show that the applicant/employee demonstrated a propensity for misconduct or ill fitness for the position and, nevertheless, the employer chose to hire, failed to train, declined to terminate, or failed to adequately supervise the individual, thereby putting Plaintiff in danger. *Fusco v. Uber Tech., Inc.*, No. 17-00036, 2018 WL 3618232 at *4 (E.D. Pa. July 27, 2018) (citations omitted). For a negligent entrustment claim in an automobile accident case, Plaintiff must allege "that a defendant entrusted a vehicle to a person he knew or had reason to know was incompetent or likely to drive improperly." *Perez v. Bardo*, No. 11-376, 2011 WL 941380 (E.D. Pa. March 17, 2011) (citation omitted).

This is a fact-intensive case in which the Plaintiff has not put forward any facts at all to support a plausible claim of negligent hiring, supervision, retention, or entrustment by White Oak. Plaintiff makes a naked legal assertion that White Oak was negligent without cloaking that assertion in any facts, which is exactly the kind of "legal conclusion couched as a factual allegation" that the Supreme Court warned against in *Iqbal*. S*ee id.* at 678.

For example, Plaintiff puts forward no allegations regarding Ramsahai's driving history, qualifications, or training, let alone allegations suggesting misconduct or negligence. Without allegations of inferior training by White Oak, prior misconduct by Ramsahai, or other claims which

show Ramsahai's ill fitness for the job such that White Oak knew or should have known that Ramsahai would pose a danger to other drivers, Plaintiff's claims of negligence are threadbare.

IV. **CONCLUSION**

Because Plaintiff provides no factual allegations to construe in her favor, her claims of negligent hiring, supervision, retention, and entrustment against White Oak have no substance to push them over the line from possible to plausible. Accordingly, White Oak's Motion to Dismiss (ECF No. 13) is granted and Count II is dismissed without prejudice to amend.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**